IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Charles Covington,**

       **Plaintiff,**

v.                                                                  Case No. 16-2262-JWL

**Franklin Collection Services, Inc.,**

       **Defendant.**

## **MEMORANDUM & ORDER**

Plaintiff Charles Covington filed a state court petition against Franklin Collection Services, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendant thereafter removed the case to federal court. This matter is now before the court on defendant's motion for judgment on the pleadings (doc. 9) as well as plaintiff's motion for leave to amend his complaint (doc. 14). As will be explained, the motion for judgment on the pleadings is granted and the motion for leave to amend is denied in part and granted in part.

Congress enacted the FDCPA in 1977 with the express purpose to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (quoting 15 U.S.C. § 1692(e)). The FDCPA regulates interactions between consumer debtors and "debt collectors" and, toward that end, imposes three broad prohibitions. *Id.* (citing *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002)). First,

a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Id*. (quoting 15 U.S.C. § 1692d). Second, and pertinent to plaintiff's claims in this case, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id*. (quoting 15 U.S.C. § 1692e). Finally, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id*. (quoting 15 U.S.C. § 1692f).

In his state court petition, plaintiff alleges that defendant is a debt collector for purposes of the FDCPA and that defendant, on February 15, 2016, sent a demand letter to plaintiff in an attempt to collect a debt of $71.20 allegedly owed by plaintiff to AT&T. According to plaintiff, the letter stated "IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (888) 215-8961." Plaintiff asserts in his petition that this statement violates 15 U.S.C. § 1692e(4), which prohibits debt collectors from suggesting that nonpayment of a debt will result in the seizure, garnishment, attachment or sale of any property or wages "unless such action is lawful and the debt collector or creditor intends to take such action." Plaintiff further alleges that the statement constitutes a "threat to take any action that cannot legally be taken or that is not intended to be taken" in violation of 15 U.S.C. § 1692e(5). Finally, plaintiff contends that the statement violates 15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect a debt. In support of his claims, plaintiff asserts that the statement unlawfully threatened the filing of a lawsuit when, in fact, defendant did not intend to pursue litigation to pursue the debt.

Defendant moves for judgment on the pleadings on the grounds that, as a matter of law, the statement in the collection letter did not threaten litigation.[1] In analyzing that motion, the court accepts as true "all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). Defendant, in support of its motion, relies on a federal district court decision that examined the specific statement utilized in defendant's collection letter and held that the statement does not violate the FDCPA. *See Clark v. Franklin Collection Serv., Inc.*, 2015 WL 3486767 (D.N.J. June 2, 2015). In that case, the plaintiff received a letter from the defendant that used language identical to the language used in the letter here: "IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (888) 215-8961." *Id.* at *1. Based on that language, the plaintiff in *Clark* sued the defendant alleging the same violations of the FDCPA as alleged here. *See id.*

The district court granted the defendant's motion to dismiss on the grounds that the statement made no express or implied threat of litigation. *See id.* at *3. In so holding, the court explained:

> The use of words like "remedies," "defenses," "firm," "case," and "attorney" do allude to legal rights, but the link to litigation is too tenuous to find that an unsophisticated debtor would think a lawsuit was going to be initiated against him if he did not pay the debt. There is moreover no representation of "arrest, imprisonment, seizure, garnishment, [or] attachment," 15 U.S.C. § 1692e(4).

---

[1] Because each of plaintiff's claims are based on the same core facts—the alleged threat of litigation without the intent to pursue litigation—the court need not (and the parties do not) separately analyze plaintiff's claims under the various subsections of § 1692e.

> In any effort to collect an unpaid debt, litigation is a theoretical possibility. Any legal terms like "rights," "defenses," "attorney," "firm," and "case" can evoke the idea of litigation. Thus, it is impossible not to place a debtor in some degree of apprehension of litigation when he or she receives a debt collection notice. Where the communication crosses the line from being informative and suggestive to being objectively threatening or deceptive to an unsophisticated debtor—that is where a court must draw the line between legal and illegal behavior. By merely informing the debtor that there is an outstanding debt and that the debtor should explore his options with the debt collector or a lawyer, the Defendant did not cross that line.

*Id*. Plaintiff contends that the court should not follow *Clark* because the decision is "conclusory" and does not accurately apply the "least sophisticated consumer" standard.

Assuming without deciding that the least-sophisticated-consumer applies to the issue, *see Kalebaugh v. Berman & Rabin, P.A*., 43 F. Supp. 3d 1215, 1229 (D. Kan. 2014) (sophistication or lack thereof of the consumer is irrelevant to whether debt collector threatened to take action that was not intended to be taken), the court finds the *Clark* court's application of that standard persuasive and finds its conclusion sound. Nothing in the single sentence relied upon by plaintiff would suggest to an unsophisticated debtor that the threat of litigation was imminent or that litigation was pending. *See Combs v. Direct Marketing Credit Servs., Inc*., 1998 WL 911691, at *2 (7th Cir. Dec. 29, 1998) ("[C]ourts have found that for a collection notice impermissibly to threaten legal action, it must falsely 'communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made.'"). Moreover, decisions in other cases align with the reasoning in *Clark*. In *Nichols v. Frederick J. Hanna & Assocs., PC*, 760 F. Supp. 2d 275 (N.D.N.Y. 2011), for example, the district court granted a motion to dismiss where the debt collection letter was written on law firm letterhead and included the phrase "attorneys at law." *Id.* at 279-80. The court explained

4

that the mere fact that the letter was written on law firm letterhead and referenced the exploration of "additional remedies" was not sufficient to constitute a threat of litigation. *Id*. at 280. As explained by the district court, nothing in the letter suggested the threat of imminent litigation and simply advising the debtor that the creditor has options to pursue if the debtor fails to make payment does not constitute a threat. *See id.* Similarly, the Seventh Circuit has held, albeit in an unpublished opinion, that language in a collection letter advising the debtor "to consult with your attorney regarding your liability" did not constitute a threat of litigation. *Combs v. Direct Marketing Credit Servs., Inc.*, 1998 WL 911691, at *2 (7th Cir. Dec. 29, 1998). The Circuit agreed with the district court that the statement was not an express or implied threat of current or imminent litigation. *See id*.

Plaintiff does not direct the court to any persuasive cases suggesting that the letter he received constitutes a threat of litigation. In each of the cases relied upon by plaintiff, the court addressed a collection letter containing language entirely distinct from the language presented here. *See Buchanan v. Northland Group, Inc*., 776 F.3d 393, 399 (6th Cir. 2015) (letter which referenced "settlement offer" could plausibly mislead consumer into believing that creditor could sue on time-barred debt); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014) (collection letter that offered to settle claim without litigation violated FDCPA where litigation on debt was time-barred); *Holt v. LVNV Funding, LLC*, 2015 WL 7721222, at *3 (S.D. Ind. Nov. 30, 2015) (letter offering "release of all liability" in exchange for "settlement" was sufficient to state claim for false representation because it suggested that the creditor could sue on a time-barred debt when, in fact, it could not lawfully do so). These cases, then, do not shed any light on the particular statement at issue here. In the absence of any persuasive authority

suggesting that the statement in the collection letter constitutes an express or implied threat of litigation, and in light of the persuasive authority described above, the court determines as a matter of law that the letter does not threaten litigation. The court, then, need not address whether defendant in fact intended to pursue litigation. Defendant's motion for judgment on the pleadings is granted.

Plaintiff also seeks to add a new claim alleging a violation of the FDCPA that, according to plaintiff, ripened after the filing of his petition. In support of his motion to amend, plaintiff asserts that defendant, in its letter, advised plaintiff of its intent "to report this account on your credit history after 30 days of you receiving this notice." Plaintiff asserts that, as of June 10, 2016, defendant has not followed through with its threat and that "defendant has no intention of reporting the credit history." Plaintiff thus proposes a claim under § 1692e(10) based on defendant's allegedly false representation or deceptive tactic. Defendant asserts that leave to amend should be denied on futility grounds because the mere fact that defendant has not reported the debt cannot, as a matter of law, establish a lack of intent on defendant's part. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

The record reveals that the debt collection letter was dated February 15, 2016 and that defendant was served with the petition on April 7, 2016. According to the terms of the collection letter, defendant, at the earliest, intended to report the debt on March 15, 2016.[2]

---

[2] While plaintiff suggests that defendant identified a "specific date" on which it would report the debt—30 days after plaintiff's receipt of the letter—the letter itself expressly states that defendant would report the debt "after 30 days" of plaintiff's receipt. This language does not indicate that the reporting would necessarily occur on a specific date.

Defendant urges, and the court agrees, that a lack of intent to report the debt cannot be inferred based solely on defendant's inaction between March 15, 2016 and April 7, 2016, a period of less than 30 days. *See Porter v. Law Office of Charles G. McCarthy Jr. & Assocs.*, 2011 WL 3320331, at *7 (C.D. Ill. Aug. 2, 2011) ("A creditor who brought suit in apparent response to the filing of a FDCPA action would appear to be acting in retaliation. Placing creditors between such a rock and a hard place is not what the statute intends when it prohibits empty threats."); *Hegwood v. Lighthouse Recovery Assoc., LLC*, 2012 WL 693658, at *5 (N.D. Ind. 2012) (granting judgment on the pleadings and finding that the passage of two months between the threat and the filing of the federal FDCPA lawsuit by the plaintiff was insufficient to show that the defendant did not intend to sue); *see also Sebrow v. ER Solutions, Inc.*, 2009 WL 136026, at *3 (E.D.N.Y. Jan. 20, 2009) (where defendant informed plaintiff of its legal right to report the delinquent account to a credit agency, mere fact that defendant failed to do so after the fact has no bearing on its intent at the time it sent the letter, nor is it evidence that the letter threatened unintended reporting to the credit agencies).

As plaintiff highlights, however, defendant's lack of intent can be established in other ways, including evidence that defendant routinely threatens to report debts but rarely does so regardless of whether suit is filed. The problem is that there is no allegation in the proposed amended complaint suggesting that defendant routinely makes empty threats about reporting debts. The sole allegation in the proposed amended complaint asserts, in conclusory fashion, that defendant had not reported the debt as of June 10, 2016 and, thus, never intended to report the debt. Those allegations are insufficient to state a plausible claim for relief under the statute and plaintiff directs the court to no case law suggesting that such allegations are sufficient. To

7

the extent, then, that plaintiff seeks leave to file the proposed amended complaint, leave is denied. Nonetheless, the court will permit plaintiff one opportunity to file an amended complaint—asserting only this claim—to the extent he can allege in good faith that defendant, at the time it sent the letter, never intended to report the delinquent account.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for judgment on the pleadings (doc. 9) is granted and plaintiff's motion for leave to amend (doc. 14) is granted in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff shall file his amended complaint no later than **Friday, August 19, 2016**.

**IT IS SO ORDERED.**

Dated this 5th day of August, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge